## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **KAYLA SCHULKE, INDIVIDUALLY AND ON BEHALF OF OTHERS** | § § § | |
| **Plaintiff(s),** | § § | |
| | § | **CIVIL ACTION NO. 4:20-CV-2571** |
| **V.** | § § | |
| **ISBAZ CORP., d/b/a CLUB PRIME TIME SPORTS BAR AND GRILL, FREDERICK GERARD ROBERTS d/b/a PRIMETIME G5** | § § § § | **ORIGINAL COLLECTIVE ACTION COMPLAINT & JURY DEMAND** |
| | § | |
| **Defendants,** | § § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT & JURY DEMAND

### I.    SUMMARY

1.     Defendant Isbaz Corp. d/b/a Club Prime Time Sports Bar & Grill, and Frederick Gerard Roberts d/b/a Primetime G5 (hereafter "Defendants") required and/or permitted Kayla Schulke and others similarly situated (hereafter "Plaintiff" or "Plaintiffs" when referring to the putative FLSA Class) to work as exotic dancers at their adult entertainment club but refused to compensate them at the applicable minimum wage. In fact, Defendants refused to compensate them whatsoever for any hours worked. Plaintiff's only compensation was in the form of tips from club patrons.

2.     Defendants took money from Plaintiff in the form of "house fees." Plaintiff was also required to divide tips with Defendants' managers and employees who do not customarily receive tips.

3.     Defendants purposefully misclassify dancers, including Plaintiff, as independent contractors so that they do not have to compensate them at the federally mandated minimum wage rate or provide overtime compensation.

4.     Defendants' practice of failing to pay employees wages violates the FLSA's minimum wage provision, and Defendants' practice of charging house fees and dividing tips also violates Federal Law because for at least one workweek in the relevant statutory period, these practices caused Plaintiff to be paid below the minimum wage.

5.     Defendants owe Plaintiff minimum wages, misappropriated funds (house fees), misappropriated tips, liquidated damages, attorney's fees, and costs.

## II.      SUBJECT MATTER JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## III.      PARTIES AND PERSONAL JURISDICTION

8.     Plaintiff Kayla Schulke is an individual who at the time of the events giving rise to this lawsuit, resided in in Houston, Texas. Her consent to this action is attached as Exhibit A.

9.     Opt-In Plaintiffs are those who are similarly situated to Plaintiff and who will file a valid opt in consent to join this action after notice of the collective action.

10.      Isbaz, Corp., doing business as Club Prime Time Sports Bar & Grill, is a Texas corporation. This Defendant may be served with process by serving its registered agent Jerold Johnson at 10700 Main Street Ste. A, Houston, TX 77025.

11.     Frederick Gerard Roberts is an individual d/b/a Primetime G5 and is the owner of Primetime G5 and may be served with process at 9255 Main Street, Houston TX 77025, or wherever he may be found.

12.     This Court has personal jurisdiction over Defendant Isbaz Corp. because it is an entity incorporated in Texas with its principle place of business in Texas.

13.     This court has personal jurisdiction over Defendant Frederick Gerard Roberts because he is an individual residing in Texas.

## IV.     FLSA COVERAGE

14.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

15.     The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

16.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

18.     Individual owner/manager Frederick Gerard Roberts is an employer under the FLSA because he 1) has the power to hire and fire the dancers and other employees, 2) supervises and controls employee work schedules or conditions of employment, 3) determines the rate and method of payment, and 4) is the individual responsible for maintaining employment records.

19.     At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## V.     FACTS

20.     Defendants operate an adult entertainment club in Texas, under the name of "Primetime G5" (hereafter "Primetime").

21.     Plaintiff is a previously employed exotic dancer at Defendants' adult entertainment club during the statutory time period afforded under the FLSA.

22.     Plaintiff worked on a regular basis for Defendants' gentlemen's establishment.

23.     Kayla Schulke worked at Primetime for approximately 20-30 hours a week. She worked from at least the beginning of her statutory period in February 2018 until May 2019.

24.     From February 2018 to May 2019, she worked between 6-8 hours per shift and worked 4 shifts per week consistently.

25.     Plaintiff Schulke never received any wages during her employment with the club.

26.     As an illustrative example, during the second workweek in February 2018, Schulke worked at Primetime as a dancer at the Club after being permitted to or invited to work there and was not paid the federal minimum wage. This happened during every workweek she actually worked from February 2018 until she left in May 2019.

27.     Similarly, Opt-In Plaintiffs did not work a single hour at the club where they were paid the federally mandated minimum wage of $7.25 an hour.

28.     In fact, Plaintiff Schulke and the FLSA Class paid to work at the club and was required to pay a "house fee."

29.     On at least one occasion during the statutory period, Plaintiff left the club with negative earnings; that is, they made less than what they paid in "house fees" to dance at the club.

30.     Plaintiff was compensated exclusively through tips from Defendants' customers. Defendants did not pay Plaintiffs whatsoever for any hours worked at the establishment.

31.     Defendants also required Plaintiff to share her tips with other non-service employees who do not customarily receive tips, including but not limited to the disc jockeys, the "sweepers," and the "house moms."

32.     Defendants also took a portion of Plaintiff's tips after Plaintiff performed dancers for customers. These amounts were not recorded in the club's gross sales receipts and were not distributed back to dancers. As alleged, no wages were provided to dancers.

33.     Defendants illegally classified the dancers as independent contractors. However, at all times, Plaintiff was an employee of Defendants.

34.     Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the dancers.

35.     The following non-exhaustive list further demonstrates the dancers' status as employees:

  a.     Defendants forced Plaintiff to pay a house fees to dance in the club – Plaintiff paid $50 to dance at the club;

  b.     Defendants created an incentive to arrive early, the house fee went up every hour;

  c.     Defendants made the decision not to pay wages or overtime;

  d.     Defendants set the price for private dances at the club and kept a portion of

the dance revenues for themselves;

e.      Defendants provided Plaintiff with music, poles, stages, and extensive lighting, and the dancers simply danced;

f.      Defendants mandated that Plaintiff pay "sweepers", DJs, and "house moms" a tip from Plaintiffs' own earnings;

g.      Defendants required dancers to work a minimum of three days a week;

h.      Defendants required Plaintiffs to pay a fine (called an "off schedule" fine) if they missed their minimum weekly shifts;

i.      The club signed in and signed out the dancers every shift;

j.      The club required Plaintiff Schulke and Class Members to dance to multiple songs per shift on stage in order to incentivize patrons to spend money;

k.      Defendants auditioned the dancers but did not provide training; the main consideration was attractiveness of the dancer;

l.      Defendants hired and fired all employees of the club – the dancers, DJ's, bouncers, managers, and others;

m.      Defendants employed Plaintiff and Class Members for several months if not years at one time;

n.      Plaintiffs constituted the workforce without which Defendants could not perform their services; and

o.      Plaintiffs' services were integrated into Defendants' operations, i.e., customers came to the club to see Plaintiffs dance.

36.      Plaintiff and those similarly situated are not exempt from the minimum wage requirements under the FLSA.

37.         Defendants' method of paying Plaintiff in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

38.         Defendants misclassified Plaintiff with the sole intent to avoid paying her in accordance with the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

## VI.    CAUSES OF ACTION

### COUNT I: VIOLATION OF 29 U.S.C. § 206 (COLLECTIVE ACTION)

39.         Plaintiff incorporates all allegations contained in the foregoing paragraphs.

40.         Defendants' willful practice of failing to pay Plaintiff and FLSA Class Members at the required minimum wage rate violates the FLSA and was not based in good faith. 29 U.S.C. § 206.

41.         The FLSA required that Defendants allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers. As set forth above, Defendants failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements. Without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

42.         As also alleged above, Defendants' practice of collecting "house fees" from the dancers also violates the law.

43.         None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate or the required overtime rate are applicable to the Defendants or the Plaintiff.

### COUNT II: FAIR LABOR STANDARDS ACT, 29 U.S.C. § 203 (UNLAWFUL TIP SHARING – COLLECTIVE ACTION)

44.         As set forth above, Defendants' failure to allow their exotic dancers to retain all their tips by requiring them to "tip out" employees who do not customarily and regularly receive

tips violates the Fair Labor Standards Act, 29 U.S.C. § 203(m). Plaintiff bring this claim on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b).

## COUNT III: FAILURE TO PAY OVERTIME (COLLECTIVE ACTION)

45.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs.

46.     This count arises from Defendants' violation of the FLSA for its failure to pay Plaintiff and FLSA Class Members overtime based on the FLSA's time and a half formula.

47.     For each hour worked in excess of forty (40) each week, Plaintiffs and FLSA Class Members were entitled to be paid one and one-half times their regular rates of pay.  29 U.S.C. § 207.

48.     By failing to pay overtime based on that formula, Defendants have violated and continue to violate the FLSA.

49.     No exemption contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in Defendants' position to skirt its obligation to pay overtime to an employee situated in the position of the Plaintiffs and FLSA Class Members.

50.     Defendants' failure to pay overtime to Plaintiff and FLSA Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.

51.     As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

## COUNT V: UNJUST ENRICHMENT

52.     Due to the facts as pled above, Plaintiff had conferred a benefit upon the Defendants. The Defendants have knowledge of the benefit conferred and continue to retain that benefit undeservedly. Defendants voluntarily accepted and retained such benefit, because Plaintiffs worked for Defendants, Defendants permitted Plaintiff to work for him and his business,

and because Defendants chose to maximize his and his business's profit at the expense of Plaintiffs and Class Members.

53.     It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiffs conferred a benefit on Defendants which Defendants kept for themselves.

## VII.    COLLECTIVE ACTION ALLEGATIONS

### A.    FLSA Class Members

54.     Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

55.     Plaintiff has actual knowledge that FLSA Class Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other dancers who worked at G5 Primetime. As such, Plaintiff has first-hand personal knowledge of the same pay violations at the Club for other dancers. Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff similar pay violation experiences including wage and tip confiscations, as those described in this complaint.

56.     FLSA Class Members perform or have performed the same or similar work as Plaintiff.

57.     FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

58.     As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage.

59.     Defendants' failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the

personal circumstances of the FLSA Class Members.

60.     The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

61.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

62.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for all hours worked at the federally mandated minimum wage rate.

63.     Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

64.     As such, Plaintiffs bring their FLSA minimum wage claims as a collective action on behalf of the following class:

> **All of Defendants' current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present.**

## VIII.  DAMAGES SOUGHT

65.     Plaintiffs are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate.

66.     Plaintiff and FLSA Class Members are entitled to recover compensation for the hours they worked over forty in a workweek for which they were not paid at the mandated overtime wage rate under federal law.

67.     Plaintiffs are also entitled to all of the misappropriated funds, including "house

fees", tips taken from them, tips taken from dance performances, and any additional wages owed.

68.      Plaintiffs are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

69.      Prejudgment and post-judgment interest on unpaid back wages pursuant to the FLSA.

70.      Plaintiffs are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully request that judgment be entered in their favor awarding the following relief: All unpaid wages at the FLSA mandated minimum wage rate; all unpaid wages for overtime worked at the FLSA mandated overtime wage rate; All misappropriated money; An equal amount of wages as liquidated damages as allowed under the FLSA; Prejudgment and post-judgment interest on unpaid back wages under the FLSA; Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; Such other and further relief to which Plaintiffs may be entitled, at law or in equity.

Respectfully submitted,

HODGES AND FOTY, L.L.P.


By:  /s/ *David W. Hodges*
David W. Hodges
Texas State Bar No. 00796765
dhodges@hftrialfirm.com
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND
CLASS MEMBERS