UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAYLA SCHULKE, INDIVDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED | § § § § | |
| V. | § § § | Civil Action 4:20-cv-02571 |
| ISBAZ CORP., DAMON COBBS, AND BABATUNDE IBRAHIM | § § § | |

## APPLICATION FOR TURNOVER AFTER JUDGMENT AND APPOINTING RECEIVER

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff/Applicant makes this Application for Turnover After Judgment and Appointment of Receiver pursuant to Texas Civil Practice & Remedies Code Ann. §31.002 (Vernon 1986) (the "Turnover Statute") and in support thereof shows the court the following:

## THE JUDGMENT

1.      Applicant holds a judgment against ISBAZ CORP. and BABATUNDE IBRAHIM, (hereinafter referred to as "Respondents"). A true and correct copy of the judgment is attached to this application and incorporated herein.

2.      The Judgment is valid and subsisting. The full amount of the judgment is owed.

3.      Applicant has made a good faith effort to collect the judgment but has been unsuccessful prior to filing this application by attempting execution at: 3298 South Loop West, Houston, TX 77025, which is the address at which Respondent Isbaz Cop. Operates subsidiary/affiliated of Prime 44 Bar & Grill. The serving officer was met by a person claiming to be a "Assistant Manager" on the property who at first refused to accept service and stated that the company's attorney will reach out to the serving officer (See Exhibit 1).

Page 4

4.     Based upon a review conducted by Applicant regarding Respondent Isbaz's Instagram account, it appears that the Respondent continues to conduct business under the name Prime 44 Bar & Grill (Exhibit 2).

5.     Upon information and belief, Respondent Isbaz is in possession, custody, or control of unclaimed property according to a search of the Texas Official Unclaimed Property Site- Texas Comptroller-Texas,gov.  Such property remains the property of the Judgment Debtor and is subject to execution and turnover in satisfaction of the judgment entered herein. (Exhibit 3).

6.     Additionally, attached are the results of Applicant's inquiry regarding Respondent's business organization status, including its form of entity and jurisdiction of formation (Exhibits 4 & 5), which reflects that Respondent has retained its corporate status in Texas.

7.     Regarding Respondent Babatunde Ibrahim, Applicant attaches the following evidence: Results of the Harris Central Appraisal District Property Search (Exhibit 6); Respondent's position as a President of Bistro19 Inc (Exhibit 7), which purports to do business under the name "City Girls Playground" (Exhibit 8), although "Bistro19 Inc" is misnamed as "Bistro 19 Corp" on the Assumed Name Certificate.

8.     Based on the foregoing, Applicant has a good faith reason to believe that Respondents own non-exempt property including present or future rights to property and rental payments, a membership interest in an LLC, interest in business assets and unclaimed property held by the State of Texas, none of which can be attached or levied on by ordinary legal process and none of which are exempt from attachment, execution, or seizure for the satisfaction of liabilities.

## THE TEXAS TURNOVER STATUTE

9.     The Texas Turnover Statute is codified at the Texas Civil Practices & Remedies Code § 31.002, which reads as follows:

Page 5

Sec. 31.002. COLLECTION OF JUDGMENT THROUGH COURT PROCEEDING.

(a)    A judgment creditor is entitled to aid from a court of appropriate jurisdiction, including a justice court, through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

(b)    The court may:

    (1)    order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution;

    (2)    otherwise apply the property to the satisfaction of the judgment; or

    (3)    appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

(c)    The court may enforce the order by contempt proceedings or by other appropriate means in the event of refusal or disobedience.

(d)    The judgment creditor may move for the court's assistance under this section in the same proceeding in which the judgment is rendered or in an independent proceeding.

(e)    The judgment creditor is entitled to recover reasonable costs, including attorney's fees.

(f)    A court may not enter or enforce an order under this section that requires the turnover of the proceeds of, or the disbursement of, property exempt under any statute, including Section 42.0021, Property Code. This subsection does not apply to the enforcement of a child support obligation or a judgment for past due child support.

(g)    With respect to turnover of property held by a financial institution in the name of or on behalf of the judgment debtor as customer of the financial institution, the rights of a receiver appointed under Subsection (b)(3) do not attach until the financial institution receives service of a certified copy of the order of receivership in the manner specified by Section 59.008, Finance Code.

(h)    A court may enter or enforce an order under this section that requires the turnover of nonexempt property without identifying in the order the specific property subject to turnover.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.  Amended by Acts 1989, 71st Leg., ch. 1015, Sec. 1, eff. June 15, 1989;  Acts 1999, 76th Leg., ch. 344, Sec. 7.002, eff. Sept. 1, 1999.

Amended by:

Acts 2005, 79th Leg., Ch. 52 (H.B. 729), Sec. 1, eff. May 17, 2005.
Acts 2017, 85th Leg., R.S., Ch. 996 (H.B. 1066), Sec. 1, eff. June 15, 2017.
Acts 2019, 86th Leg., R.S., Ch. 1221 (S.B. 2364), Sec. 1, eff. September 1, 2019.

Page 6

**The standard of review.**

10.    The grant of a turnover order is reviewed under the "abuse of discretion" standard. *Beaumont Bank, N.A. v. Butler*, 806 S.W.2d 223, 226 (Tex 1991.) A lack of evidence to support a turnover order is a relevant consideration in determining whether the court abused its discretion in rendering the order. *Butler, @ 226.*

**Argument and Authorities.**

11.    While the language of the Turnover Statute does not require a hearing or even the presentation of evidence, some courts of appeals have held that a trial court's grant of turnover relief must be supported by some "quantum of evidence".

12.    In *Heilman v. Heilman*, No. 04-18-00849, 2020 WL 6293446 at *9 (Tex. App. - San Antonio, 2020), the 4th Court of Appeals summarized the state of decisions then current:

13.    "Although there must be some evidence that the judgment debtor has property that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities, '[s]ection 31.002 does not specify or restrict the manner in which evidence may be received in order for a trial court to determine whether the conditions of Section 31.002(a) exist, nor does it require that such evidence be in any particular form, that it be of any particular level of specificity, or that it reach any particular quantum before the court may grant aid under Section 31.002.' *Tidwell v. Roberson*, No. 14-16-00170-CV, 2017 WL 3612043, at *6 (Tex. App. – Houston [14th Dist.] Aug. 22, 2017, pet. denied (mem. op.)(quoting *Tanner*, 274 S.W.3d at 322; see *Blanck v. Blanck*, No. 03-15-00128-CV, 2016, WL 690669, at *2 (Tex. App.- Austin Feb. 18, 2016, pet. denied, (mem. op.)"

14.    Once the evidence of non-exempt assets is adduced, the burden shifts to Respondent to prove the property at issue was exempt from turnover. *Heilman*, 2020 WL 6293446, at*6.

15. Under this guidance, then the question for review is simply this:

Prior to executing the Amended Order Granting Turnover and Receivership, did the trial court receive any kind of evidence, at any time and in any form, regarding the existence of non-exempt assets?

16. The answer in this case is in the affirmative. Judgment-Creditor has attached evidence that the Judgment Debtors have business, personal property, and assets currently held by the State of Texas as unclaimed funds.

## ANALYSIS OF TURNOVER PROCEDURE

17. The Texas Turnover Statute *entitles the Plaintiff to the court's aid* in collecting on a judgment through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

18. The turnover order remedy is available on a general basis. The court may order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property. See TCPRC § 32.001(h) The court's order is not required to identify specific property subject to turnover. See TCPRC § 32.001(h).

## RECEIVERSHIP IS THE APPROPRIATE METHOD UNDER § 32.001(b)

19. In order to effectuate the turnover of assets and evidence thereof, § 32.001(b) of the Texas Turnover Statute provides three options:

(1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution;

(2) otherwise apply the property to the satisfaction of the judgment; or

(3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

Page 8

20.    Because this case involves an unsatisfied judgment against multiple judgment-debtors, the appointment of a receiver is warranted in order to consolidate the process in one office and to: ensure compliance by each judgment-debtor; apply appropriate efforts based upon the status (personal or business) of each judgment-debtor; and, collect and apply the proceeds of the assets (that are identified, located and liquidated) to the judgment in an orderly fashion.

21.    In the alternative, according to the statute, the court may instead order the defendants to turnover the assets and evidence thereof to law enforcement and/or apply any assets turned over by the judgment debtors to the satisfaction of the judgment.

22.    Of the three options, the choice of receivership makes the most sense in this case in order to ensure efficiency and the administration of justice in this post-judgment proceeding.

## PROPERTY SUBJECT TO TURNOVER

23.    Applicant would show the Court that Respondents are the owners of property described as rental interests, equipment, inventory, real property, unclaimed property, security deposits, cash, notes receivable, tax refunds, monies on deposit in any financial institution, certificates of deposit, accounts held by any third party, stocks, limited partnership interests, vehicles, and personal property owned by Respondents that was purchased or acquired after the date the judgment was entered, commissions and accounts receivable. All of the above property is owned by Respondents and cannot readily be attached or levied on by ordinary legal process. The property is not exempt from attachment, execution, or seizure for the satisfaction of the liabilities.

## APPOINTMENT OF RECEIVER

24.    Pursuant to Tex. Civ. Prac. & Rem. Code Ann. §31.002(b), Applicant requests that this Court appoint a receiver with the authority to take possession of the non-exempt property of Respondents, sell it, and pay the proceeds to Plaintiff-in-Judgment to the extent required to satisfy

Page 9

the Judgment as well as the costs and attorney's fees incurred in this turnover proceeding, and the receiver's fees.

25. Applicant requests that Craig Noack, 24165 IH-10 West, Ste. 217-418, San Antonio, Texas 78257, (210) 963-5733, commercial@noacklawfirm.com, be appointed Receiver and that the Receiver appointed be required to post a bond in the amount of $100.00. Plaintiff further requests that all costs of the Receiver be taxed against Respondents as costs of court.

## ATTORNEY'S FEES

26. Pursuant to Tex. Civ. Prac. & Rem. Code Ann. §31.002(e), Applicant is entitled to recover reasonable attorney's fees and costs. The affidavit of Applicant's counsel is attached hereto as evidence of the work actually performed, the usual and customary hourly rate and the time reasonably required to perform the work. Plaintiff seeks an attorney fee of $1,400.00 for this work.

## PRAYER FOR RELIEF

27. Wherefore, Applicant requests that:

    1. the Court set this matter for hearing;

    2. the Orders requested herein be issued;

    3. Applicant be granted a reasonable attorney's fee of $1,400.00;

    4. Applicant be granted her court costs and other reasonable expenses incurred in obtaining such orders; and,

    5. Applicant be granted such other and further relief, special or general, legal or equitable, as may be shown that Plaintiff is justly entitled to receive.

Page 10

Respectfully submitted,

THE FUSSELMAN LAW FIRM, P.C.


/s/ Christopher A. Fusselman
CHRISTOPHER A. FUSSELMAN
State Bar No. 00792520
Jason E. Wells
State Bar No. 24066279
1616 South Voss Rd., Ste. 775
Houston, Texas 77057
(713) 960-1619
(713) 960-1430 (FAX)
**E-Service E-Mail:**
**e-file@thefusselmanlawfirm.com**

ATTORNEYS FOR APPLCIANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2026, a true and correct copy of Plaintiff's Application for Turnover After Judgment and Appointing Receiver was served upon all parties of record by E-Service and Certified Mail, Return Receipt Requested, as follows:

Isbaz Corp.
c/o Jerold Johnson, Registered Agent
3298 South Loop W.
Houston, TX 77025-5201

**Via CM RRR # 9589 0710 5270 2954 2035 03
& Via Regular Mail**

Babatunde Ibrahim
11723 Berrymeadow Dr.,
Houston, TX 77071

**Via CM RRR # 9589 0710 5270 2954 2035 10
& Via Regular Mail**

　__/s/ Christopher A. Fusselman_____
　Christopher A. Fusselman

Page 12

United States District Court
Southern District of Texas
**ENTERED**
August 04, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Kayla Schulke,<br>Individually and On Behalf of<br>Others Similarly Situated,<br>*Plaintiffs,*<br><br>v.<br><br>Isbaz Corp., Damon Cobbs[1],<br>and Babatunde Ibrahim,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action H-20-2571 |

## FINAL JUDGMENT

Each Plaintiff shall recover from Defendants Isbaz Corp and Babatunde Ibrahim the corresponding amounts listed below:

| Plaintiff | Actual Damages | Liquidated Damages |
|---|---|---|
| Kayla Schulke | $51,392 | $51,392 |
| McKenzie Smith | $252,585.97 | $252,585.97 |
| Gabrielle Alderete | $92,603.50 | $92,603.50 |
| Linda Scott | $106,272 | $106,272 |
| Brittany Taylor | $29,525.38 | $29,525.38 |
| Arianana Ina | $378.75 | $378.75 |
| T'Chaiyenne Deloney-Winded | $35,325.00 | $35,325.00 |
| Shanece Kelsey | $130,971.88 | $130,971.88 |

---

[1] Damon Cobbs has not been served and is not subject to this Final Judgment.

Post-judgment interest at the applicable federal rate.

This is a final judgment.

Signed at Houston, Texas, on August 4, 2023.

_____
Peter Bray
United States Magistrate Judge

TRUE COPY I CERTIFY ATTEST:
NATHAN OCHSNER, Clerk of Court
By _____
Deputy Clerk

2

# Texas Franchise Tax Public Information Report

*To be filed by Corporations , Limited Liability Companies (LLC) and Financial Institutions*
**This report MUST be signed and filed to satisfy franchise tax requirements**

Comptroller 05-102
of Public
Accounts (Rev.9-11/30)
FORM

■ **Tcode** 13196 Franchise

**You have certain rights** under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at (800) 252-1381or (512) 463-4600.

■ Taxpayer number: 3 2 0 8 8 6 6 2 8 1 5

■ Report year: 2 0 2 5

Taxpayer name: **BISTRO19 INC**

Mailing address: **13331 KUYKENDAHL RD STE 200**

City: **HOUSTON**  State: **TX**  ZIP Code **77090**  Plus 4

Secretary of State (SOS) file number or Comptroller file number: **0804947647**

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office

Principal place of business

*Please sign below!*

Officer, director and manager information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or managers change throughout the year.

3208866281525

**SECTION A**   Name, title and mailing address of each officer, director or manager.

| Name | Title | Director | | m m d d y y |
|---|---|---|---|---|
| **IBRAHIM BABATUNDE** | **PRESIDENT** | ● YES | Term expiration | |
| Mailing address **11723 BERRYMEADOW DR** | City **HOUSTON** | | State **TX** | ZIP Code **77071** |
| Name | Title | ○ YES | Term expiration | m m d d y y |
| Mailing address | City | | State | ZIP Code |
| Name | Title | ○ YES | Term expiration | m m d d y y |
| Mailing address | City | | State | ZIP Code |

**SECTION B**   Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C**   Enter the information required for each corporation or LLC, if any, that owns an interest of 10 percent or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file. *(see instructions if you need to make changes)*

○ Blacken circle if you need forms to change the registered agent or registered office information.

Agent: **BABATUNDE IBRAHIM**

Office: **11723 BERRYMEADOW DR**   City **HOUSTON**   State **TX**   ZIP Code **77071**

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or manager and who is not currently employed by this, or a related, corporation or limited liability company.

sign here ► **JEROLD JOHNSON**  Title **Electronic**  Date **02-19-2025**  Area code and phone number **( 713 ) 252 - 8882**

**Texas Comptroller Official Use Only**

| VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|

# Exhibit "8"

Page 22



# OFFICE OF TENESHIA HUDSPETH
### COUNTY CLERK, HARRIS COUNTY, TEXAS

B681079
7/5/2023 CHIMNEY ROCK
18.00 ASSUMED

## ASSUMED NAME RECORDS
### CERTIFICATE OF OWNERSHIP FOR
### INCORPORATED BUSINESS OR PROFESSION

[A beginning character other than a letter or a number, or the last portion of a name that exceeds 57 characters, will not be reflected in the indices. Please print legibly.]
Fees: $18.00 + 0.50 per additional owner / Notarized: $17.00 + 0.50 per additional owner

NAME IN WHICH BUSINESS WILL BE CONDUCTED: **CITY GIRLS PLAYGROUND**

BUSINESS ADDRESS **3298A SOUTH LOOP WEST**

CITY **HOUSTON**          STATE **TX**          ZIP **77025**

1. The name of the corporation, limited partnership, limited liability partnership or limited liability Company as stated in its articles of incorporation, association, or organization, or other comparable document is **BISTRO 19 CORP**,

2. The state, country, or other jurisdiction under the laws of which it was incorporated, organized, or associated and the address of its registered or similar office in that jurisdiction is **TEXAS      13331 KUYKENDHAL RD      HOUSTON      TX      77090**

3. The period, not to exceed ten years, during which this assumed name will be used is **10**.

4. The corporation is a (circle one) a for-profit corporation, non-profit corporation, professional corporation, professional association, limited partnership, limited liability partnership, limited liability company or other type of corporation (specify) **FOR PROFIT**

5. If the corporation, limited partnership, limited liability partnership or limited liability company is required to maintain a registered office in Texas, the address of the registered office is **13331 KUYKENDHAL RD          HOUSTON      TX      77090**

The address of the principal office (if not the same as the registered office) is **13331 KUYKENDHAL RD      HOUSTON      TX      77090**

6. If the corporation, limited partnership, limited liability partnership or limited liability company is not required to or does not maintain a registered office in Texas, the office address in Texas is _____

and if the corporation, limited partnership, limited liability partnership or limited liability company is not incorporated, organized or associated under the laws of Texas, the address of its place of business in Texas is _____

and the office address elsewhere is _____

7. The county or counties where business or professional services are being or are to be conducted or rendered under such assumed named are (if applicable, use the designation "all" or "all except".) **ALL**

8. If this instrument is executed by an attorney-in-fact, the attorney-in-fact hereby states that s/he/they has/have been duly authorized in writing by his/her/their principal to execute and acknowledge the same.

Signature of officer, representative or attorney-in-fact of the corporation
**IBRAHIM, BABATUNDE**          **PRESIDENT**

THE STATE OF TEXAS §
COUNTY OF HARRIS §

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared **IBRAHIM, BABATUNDE**

known to me to be the person(s) whose name is/are subscribed to the foregoing instrument and acknowledged to me that s/he/they is/are the owner(s) of the above named business and that s/he/they signed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE **Wednesday, July 5, 2023 at 2:20 PM**



Deputy County Clerk / Notary Public in and for the State of Texas
**Quyen To Ky**

P.O. Box 1525 ● Houston, TX 77251-1525 ● 713-274-8686
www.cclerk.hctx.net

Form No. D-02-05 (Rev. 11/18/2020)

UNOFFICIAL COPY