UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KAYLA SCHULKE, INDIVDUALLY       §
AND ON BEHALF OF OTHERS          §
SIMILARLY SITUATED               §
                                 §
                                 §          Civil Action 4:20-cv-02571
V.                               §
                                 §
                                 §
ISBAZ CORP., DAMON COBBS, AND    §
BABATUNDE IBRAHIM                §

## ORDER

Kayla Schulke, et al ("Applicants") have applied for post-judgment turnover and appointment of a receiver. (Dkt. No. 112).

On May 14, 2026, the Court held a hearing on the application and considered the evidence of non-exempt assets offered by Applicants, as well as the arguments of all counsel. The Court found that Applicants met their burden of bringing forward evidence of the existence of non-exempt assets as to Isbaz Corp. ("Isbaz") and Babtunde Ibrahim ("Ibrahim") in the form of corporate and personal business assets related to their respective business activities in the State of Texas, and unclaimed property held by the State of Texas for the benefit of Isbaz. In its minutes entry (Dkt. 115) of that same day, the Court granted the application in part and directed counsel for Applicants to submit this proposed order based upon the Court's instructions stated on the record at the hearing.

Accordingly, the Court orders the appointment of a receiver to take possession of and sell the non-exempt assets of Isbaz Corp. ("Isbaz") and Babatunde Ibrahim ("Ibrahim") to satisfy the judgment entered against Isbaz and Ibrahim and orders that Isbaz and Ibrahim must turn over their non-exempt property to the receiver.

Page 1

This Court appoints **Craig Noack**, an attorney licensed to practice law in the State of Texas, whose address is **24165 IH-10 West, Ste. 217-418, San Antonio, Texas 78257, Telephone (210) 963-5733, Facsimile (210) 579-1777, E-Mail: (commercial@noacklawfirm.com)** as Receiver in this case, under Section 31.002 of the Texas Civil Practice and Remedies Code, with the power and authority to take possession of all non-exempt property, real and personal, of Isbaz and Ibrahim, including, but not limited to:  (1) documents or records related to such property; (2) all financial accounts (bank accounts), certificates of deposit, money market  accounts,  accounts held  by  any  third  party (including any unclaimed funds of Isbaz and/or Ibrahim held by any governmental entity); (3) securities; (4) real property,  equipment, vehicles, boats and planes; (5) safety  deposit  boxes  or  vaults;  (6)  cash; (7) negotiable instruments, including promissory notes, drafts and checks; (8) causes of action or contingent interests in causes of action; (9) contract rights whether present or  future, including contingent fee interests in causes of action; and (10) accounts receivable.  All such property will be held in the receiver's custody.

Isbaz and Ibrahim are enjoined  from  selling  non-exempt  property  and  must  report  to the  receiver  all  sales  and  transfers  of  exempt  property  within  5  days. Isbaz  and  Ibrahim  are hereby  ordered to turn over to the Receiver their non-exempt property, including but not limited to the following:

1) The stock in corporations in which Isbaz and/or Ibrahim have an interest.

2) Funds held in bank and brokerage operating accounts in which Isbaz and/or Ibrahim own or have an interest.

3) All checks, cash, securities (stocks and bonds), promissory notes, documents of title and contracts owned by or in the name of Isbaz and/or Ibrahim.

Page 2

4)      All non-exempt checks, cash, securities, promissory notes, documents of title and contracts within three (3) days from Isbaz's and/or Ibrahim's receipt and possession of such property, if, as and when Isbaz and/or Ibrahim become in receipt and possession of any such property.

The Receiver is authorized to take all action necessary to gain access to all storage facilities, safety deposit boxes, real property, and leased premises in which any property of Isbaz and/or Ibrahim may be situated.

The Receiver is directed and authorized to prepare a monthly accounting describing the value and disposition of the property obtained from Isbaz and/or Ibrahim and to provide this accounting to Isbaz and Ibrahim.

A United States Marshal, Sheriff or Constable, and their deputies, are ordered to assist the Master in carrying out his duties and exercising his powers and to prevent any person from interfering with the Receiver in taking control and possession of the property of Isbaz and/or Ibrahim.

The Court preliminarily sets the receiver's fee to be awarded to the Receiver at an amount equal to twenty-five percent of all proceeds coming into his possession, subject to either: 1) a later determination by the Court of the reasonableness of such fee; or, 2) the parties' agreement. No receiver's fees exceeding twenty-five percent of all proceeds coming into his possession will be paid to the Receiver unless an application is filed with and ruled on by this Court, with notice and opportunity for hearing granted to Isbaz and Ibrahim.

Receiver also has the following limited authority. Receiver may: (1) obtain Isbaz's and/or Ibrahim's credit information and credit reports; (2) obtain Isbaz's and/or Ibrahim's financial information and records from Isbaz and/or Ibrahim or a third party; (3) certify copies of this Order; and (4) negotiate and obtain installment payment agreements with Isbaz and/or Ibrahim, if Receiver reasonably believes that a payment agreement is the best option to satisfy the judgment and Receiver provides Isbaz and/or Ibrahim with the Notice of Personal Property Rights approved by the Supreme Court of Texas.  Receiver cannot reduce the total balance owed under the judgment without the Applicants' authorization.

The Receiver is ordered to post a bond in the amount of $1,000 payable to this Court and conditioned on his faithful discharge of his duties in accordance with this Order. The Receiver is further ordered to take the oath of office.

It is SO ORDERED.

Signed on _____, 2026.

_____
Peter Bray
United States Magistrate Judge