United States District Court
Southern District of Texas
**ENTERED**
June 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Kayla Schulke, Individually | § | |
| and On Behalf of Others | § | |
| Similarly Situated, | § | |
|   *Plaintiffs*, | § | |
| | § | Civil Action H-20-2571 |
| v. | § | |
| | § | |
| Isbaz Corp. et al., | § | |
|   *Defendants*. | § | |

**ORDER**

Pending before the court is Defendants' "Response and Objection to Plaintiffs' Application for Turnover and Appointment of Receiver," which Defendants filed as a motion. ECF No. 119.

Plaintiffs filed their Application for Turnover After Judgment and Appointing Receiver on January 23, 2026. ECF No. 112. Defendants were represented by counsel, and Defendants did not respond to the motion. Thus, under the Local Rules of the Southern District of Texas, the motion was unopposed. ECF No. 113; S.D. Tex. L.R. 7.4. The court held a hearing on the motion on May 14, 2026, and Defendants' counsel appeared. ECF No. 115. Plaintiffs identified evidence that Defendants had nonexempt property that could be subject to turnover. Defendants did not raise any objections at that time. The court granted in part Plaintiffs' Application for Turnover and Appointing Receiver. ECF No. 115. The court entered the Order Appointing a Receiver on May 26, 2026. ECF No. 117.

Since the court's orders, Defendants appear to have retained additional counsel. ECF No. 118. On June 17, 2026, the same day that Defendants' new counsel filed a notice of appearance, he also filed the pending motion. ECF No. 119. The motion was filed more

than a month after the court granted Plaintiffs' application for appointment of a receiver and several weeks after the court entered the order appointing the receiver.

In their motion, Defendants baldly assert new arguments against appointment of a receiver, without any citation to the record. According to Defendants, Plaintiffs failed to identify any specific nonexempt property subject to turnover, Plaintiffs failed to exhaust other available legal remedies, and a receivership is unwarranted. ECF No. 119 at 1–6. Defendants also argue that they have "due process concerns" with the appointment of a receiver. *Id.* at 5–6.

Defendants received notice of Plaintiffs' motion, which was pending for nearly four months before the court's ruling. Defendants did not respond to the motion. The court held a hearing on the motion and found that Plaintiffs had met their burden. Defendants' counsel appeared at the hearing and did not object. Defendants' new filing is not a timely response to the motion. The pending motion does not persuade the court that any error occurred. The objections are **OVERRULED**. To the extent that Defendants' "Response and Objection to Plaintiffs' Application for Turnover and Appointment of Receiver" is a motion, the motion is **DENIED**.

The court's Order for Post-Judgment Turnover and Appointing a Receiver, ECF No. 117, remains in effect.

Signed at Houston, Texas, on June 24, 2026.

_____
Peter Bray
United States Magistrate Judge

2